# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### LARRY BOHANNON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27251   W Fred Axley, Judge**

---

**No. W2004-00961-CCA-MR3-PC  - Filed April 22, 2005**

---

The Petitioner, Larry Bohannon, appeals from the trial court's dismissal of his petition seeking post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition was filed outside the applicable statute of limitations and is, therefore, time-barred.  Accordingly, we affirm the dismissal of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ.  joined.

Britton Joshua Allan, Memphis, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On September 1, 2000, the Petitioner entered a guilty plea in the Shelby County Criminal Court to one count of felon in possession of a handgun.  For this offense, the trial court imposed a sentence of one year in the county workhouse.  In July 2001, Petitioner filed a "Motion to Vacate Sentence or in the Alternative Motion for Pleading."  The request was made by Petitioner for the

purpose of enabling Petitioner to participate in programs available at F.C.I. Memphis, where Petitioner was confined serving a fifteen-year federal sentence. The record before this Court fails to indicate whether the trial court ruled upon this motion.

In March 2003, the Petitioner filed a "Motion seeking Post-conviction relief or in the Alternative Withdraw Guilty Plea." As grounds for relief, the Petitioner alleged that (1) trial counsel was ineffective, (2) the search of the Petitioner violated his rights under the Fourth Amendment, (3) the Petitioner was denied a speedy trial, and (4) the Petitioner's guilty plea was not knowingly and voluntarily entered. On April 11, 2003, counsel was appointed to represent Petitioner and an amended petition for post-conviction relief was filed on January 22, 2004. The amended petition relied upon two grounds for relief, *i.e.,* ineffective assistance of counsel and an involuntary guilty plea. On February 19, 2004, the trial court denied relief, finding the petition time-barred. Counsel was later appointed for purposes of appeal and a notice of appeal was filed on May 10, 2004.[1]

On appeal to this Court, Petitioner asserts that the one-year statute of limitations does not bar the petition as the time period was tolled by the filing of the July 2001 motion to vacate sentence. In support of his position, Petitioner relies upon this Court's opinion in *R.B. Toby v. State*, No. E2000-03127-CCA-R3-PC, 2002 WL 31026968, at *1 (Tenn. Crim. App., at Knoxville, Sept. 11, 2002), for the proposition that his motion to vacate sentence should have been treated as a petition for post-conviction relief. The Petitioner's reliance upon *R.B. Toby v. State* is misplaced. In *R.B. Toby*, this Court held that the trial court properly treated the motion to vacate sentence as a petition for post-conviction relief because the claim raised was one only cognizable under the Post-Conviction Procedure Act. *Id.* In the present case, the July 2001 motion to vacate sentence does not allege a ground for relief cognizable under the Post-Conviction Procedure Act. Rather, the motion requested that the trial court vacate his sentence or run the sentence concurrent to his federal sentence in order to permit him to participate in programs offered by the Federal Bureau of Prisons. The Petitioner alleged no constitutional infirmity relating to his Shelby County conviction and sentence. Accordingly, the trial court had no obligation to treat the motion as a petition for post-conviction relief. *See Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993) (if pleading is request that may be granted under Post-Conviction Act, trial court may treat as petition for post-conviction relief).

Petitioner's conviction became final on October 1, 2001. Thus, under the applicable statute of limitations, Petitioner had until October 1, 2002, in which to file a claim for post-conviction relief. The present petition was not filed until March 2003, well outside the one-year statute of limitations. Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because

---

[1]This Court granted Petitioner leave to late-file a notice of appeal document. *See Larry Bohannon v. State*, W2004-00961-CCA-MR3-PC (Tenn. Crim. App., at Jackson, May 3, 2004) (*order*).

of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-202(b)(1)-(3). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-206(g).

The Petitioner's claims are time-barred. The post-conviction court did not err in summarily dismissing his petition. Tenn. Code Ann. § 40-30-206(b). Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE